UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA AUGSBURGER,

                Plaintiff,

    v.

NAVY MUTUAL AID ASSOCIATION,

                Defendant.

CASE NO. 2:17-cv-1817-BAT

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Rebecca Augsburger requests leave to file a second amended complaint. Dkt. 22. Defendant Navy Mutual Aid Association ("Navy Mutual") objects to the motion on the grounds that Plaintiff's proposed claims are futile. The Court finds, for the reasons stated herein, that leave to amend shall be granted.

## PROCEDURAL BACKGROUND

Plaintiff filed her original and first amended complaints in King County Superior Court on October 27, 2017 and November 29, 2017, respectively. Navy Mutual removed the case to this court on December 1, 2017. Dkt. 1. The case is set for jury trial on May 13, 2019. Dkt. 27. The parties must complete discovery by December 7, 2018 and file dispositive motions by January 4, 2019. *Id.* Plaintiff does not seek amendment of the Court's scheduling order.

ORDER GRANTING PLAINTIFF'S MOTION
TO FILE SECOND AMENDED COMPLAINT
- 1

In her First Amended Complaint, Plaintiff alleges that in 2006, she and her husband John Augsburger purchased a term life insurance policy from Navy Mutual, which insured their lives for $400,000 each (the "2006 Policy"). The 2006 Policy had a termination date of September 6, 2023. The Augsburgers paid all premiums and the policy was in full force and effect, and was never cancelled. After John Augsburger died on April 13, 2017, Navy Mutual wrongfully refused to pay Plaintiff any policy benefits and claimed that the Augsburgers had cancelled the policy on John's life in 2010. Dkt. 1-1 at 2. Plaintiff asserts claims against Navy Mutual of breach of contract, bad faith, violation of Washington's Consumer Protection Act, and the Insurance Fair Conduct Act. *Id.* at 3.

After taking the deposition of Navy Mutual on June 20, 2018 and receiving additional documents from Navy Mutual on June 26, 2018, Plaintiff states she is better able to understand the facts relating to and law applicable to this dispute, which she now seeks to add to a second amended complaint. Dkt. 22, p. 14, Hanson Decl. ¶¶ 13-16.

In her proposed Second Amended Complaint, Plaintiff alleges the 2006 Policy contains a provision to upgrade the term life coverage and in 2009, the Augsburgers tried to upgrade their coverage, but Navy Mutual rejected that request. In 2010, Navy Mutual contacted the Augsburgers about upgrading their policy and the Augsburgers attempted to cooperate with Navy Mutual, but Navy Mutual did not adequately assist them to upgrade and maintain their existing coverage. Navy Mutual now says that in 2010, it cancelled coverage on John Augsburger while upgrading coverage on Rebecca Augsburger, which was against the wishes of the Augsburgers. Dkt. 22, Ex. 1, Proposed Second Amended Complaint, ¶¶ 3.10 – 3.15.

In addition to the claims included in her First Amended Complaint, Plaintiff seeks to add claims of estoppel/equitable estoppel, negligence, reformation of contract, and mutual mistake. *Id.* at ¶¶ VIII, IX, X, and XI.

## DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only with leave of court or after obtaining the written consent of the adverse party. Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Sonoma Cty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, LLC, 316 F.3d at 1052; *see also Sonoma Cty. Ass'n of Retired Employee*, 708 F.3d at 1117.

There are no issues here of bad faith, dilatory motive, or undue delay. Navy Mutual does not argue that the proposed amendment will result in any prejudice. Rather, Navy Mutual's objection to the proposed amendment focuses solely on whether allowing the amendment would

be futile. Before reaching the substance of this argument, the Court must decide what materials it may consider.

Plaintiff submits, as exhibits to her motion to amend[1], the declaration of her attorney, insurance applications, deposition excerpts, and emails. These documents are not attached to the proposed amended complaint nor are they incorporated by reference in the proposed amended complaint. Dkt. 22, pp. 13-62. Navy Mutual submits as evidence material developed in discovery, declarations of counsel and its Vice President of Operations and IT. Dkts. 24 and 25. Given the case's current procedural posture, the Court declines to consider these materials.

The test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir.2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998)), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

In ruling on a motion under Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89

---

[1] Fed. R. Civ. P. 7(b)(1) requires a party seeking to amend to "state with particularity the grounds for seeking" the amendment. W.D. Washington Local Civil Rule 7(b)(1) requires that "if the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."

ORDER GRANTING PLAINTIFF'S MOTION
TO FILE SECOND AMENDED COMPLAINT
- 4

(9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Material which is not properly considered in a Rule 12(b)(6) motion should not be considered in deciding whether a proposed amendment is futile. *See e.g., Oushana v. Lowe's Home Ctrs., LLC*, No. 1:16–cv–01782–AWI–SAB, 2017 WL 1292717, at *4 (E.D. Cal. Apr. 7, 2017), findings and recommendations adopted in relevant part, 2017 WL 2417198 (refusing to consider evidence outside the pleadings in determining whether a proposed amendment was futile); *Johnston v. Int'l Mixed Martial Arts Fed'n*, No. 2:14–cv–941–JAD–NJK, 2015 WL 273619, at *2 (D. Nev. Jan. 22, 2015) (same).

At this stage in the proceedings, the Court is to accept the factual allegations in the complaint as true. *Neitzke v. Williams*, 490 U.S. 319, (1989), <u>superseded by statute on other grounds</u>. On this basis, the Court concludes that Plaintiff's motion to file the proposed second amended complaint should be granted.

**A.     Estoppel**

Equitable estoppel is a doctrine that operates to prevent a party from asserting a right where it has in the past made statements or assertions to the contrary that would make it inequitable to now assert that right. *L.L. Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wash.2d 100, 455 P.2d 344, 349 (Wash.1969). The elements of equitable estoppel are: (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act. *Dombrowsky v. Farmers Ins. Co. of Wash.*, 84 Wash.App. 245, 928 P.2d 1127, 1134 (Wash.Ct.App.1996) (citing *McDaniels v. Carlson*, 108 Wash.2d 299, 738 P.2d 254 (Wash.1987)). The elements of

estoppel are nearly identical. *See Deacy v. College Life Insurance Co. of America*, 25 Wash.App. 419, 424 (1980).

Under Washington law, "the general rule is that, while an insurer may be estopped, by its conduct or its knowledge or by statute, from insisting upon a forfeiture of a policy, yet under no conditions can the coverage or restrictions on the coverage be extended by the doctrine of waiver or estoppel." *Carew, Shaw & Bernasconi v. General Cas. Co.*, 189 Wash. 329, 336, 65 P.2d 689 (1937). There are at least two exceptions to this general rule. *Estate of Hall v. HAPO Fed. Credit Union*, 73 Wash.App. 359, 362–63, 869 P.2d 116 (1994) (quoting 16B J. APPLEMAN, INSURANCE LAW § 9090, at 582 n. 5 (1981)); *see Saunders v. Lloyd's of London*, 113 Wash.2d 330, 336, 779 P.2d 249 (1989) (holding that an insurer can be estopped from denying coverage for failure to make payments where the insurer has established a course of conduct of accepting late payments); *Safeco Ins. Co. of Am. v. Butler*, 118 Wash.2d 383, 823 P.2d 499, 505–06 (1992) (holding the *Carew* rule is inapplicable to claims of insurer bad faith refusal to defend). *See also*, *Ellis v. William Penn Life Assur. Co. of America* and *Strother v. Capitol Bankers Life Insurance Company*, 124 Wash.2d 1, 15, 873 P.2d 1185, 1192 (1994) (internal cites omitted) (consolidated on appeal) (innocent beneficiary is allowed to rely on equitable estoppel in the context of replacement life insurance where both insurer and insured engaged in wrongful conduct).

Plaintiff generally asserts that "Defendant should be estopped from refusing payment due to Defendant's conduct and failure to comply with applicable law." Dkt. 22, Ex. 1, ¶ 8.1. Facts alleged in the proposed amended complaint include that the Augsburgers never cancelled the 2006 Policy on John Augsburger and paid all premiums requested (¶ 3.3); they never gave permission Navy Mutual to cancel the 2006 Policy (¶ 3.15); Navy Mutual failed to upgrade and maintain their existing coverage (¶¶ 3.12 – 3.14), and instead, against the Augsburgers' wishes,

Navy Mutual cancelled the 2006 Policy on John's life and upgraded the 2006 Policy on Rebecca's life (¶ 3.15) – a fact unknown to the Augsburgers until after John's death when Navy Mutual failed to pay any policy benefits to Rebecca when she made a claim on the 2006 Policy (¶¶ 3.6 – 3.8).

Considering all of the facts that could be alleged and proved under the proposed amendment to the pleadings that would constitute a valid and sufficient claim, the Court concludes that it would not be futile to allow Plaintiff to allege estoppel at this juncture. Simply put, she alleges that the Augsburgers had insurance coverage, they wanted to upgrade to maintain that coverage, they communicated their wishes to Navy Mutual, and seven years later when Plaintiff made a claim on her husband's policy, she was told the policy had been cancelled, something neither she nor her husband had requested or authorized. Whether Plaintiff can ultimately prove that Navy Mutual wrongfully failed to maintain coverage, that she had no knowledge of the true facts, and that she justifiably relied on the conduct, silence, or declarations of Navy Mutual and/or its agents, are not questions of fact or issues that can be decided at this time.

**B.     Reformation of Contract / Mutual Mistake**

Plaintiff seeks to amend the complaint to include remedies of "Reformation of Contract" and "Mutual Mistake," stating: "[t]he contract should be reformed to reflect the intent of the Augsburgers[]" (Dkt. 22, Exhibit 1, ¶ 10.1), and "[i]f both parties made a mistake in modifying the coverage, the contract should be reformed accordingly[]" (*id.*, ¶ 10.2). Navy Mutual argues that reformation is not a proper remedy for the enforcement of terms to which the defendant never assented. Further, Navy Mutual contends that mutual mistake will support reformation only where the contracting parties had identical intentions and Navy Mutual never intended to

either maintain the 2006 Policy or insure John Augsburger under a separate plan. Dkt. 23 at 7 (citations omitted).

"Reformation is an equitable remedy employed to bring a writing that is materially at variance with the parties' agreement into conformity with that agreement." *Denaxas v. Sandstone Ct. of Bellevue, L.L.C.*, 148 Wash.2d 654, 63 P.3d 125, 132 (2003) (citing *Akers v. Sinclair*, 37 Wash.2d 693, 226 P.2d 225 (1950)). "A party may seek reformation of a contract if (1) the parties made a mutual mistake or (2) one of them made a mistake and the other engaged in inequitable conduct." *Id.* (citing *Wash. Mut. Sav. Bank v. Hedreen*, 125 Wash.2d 521, 886 P.2d 1121 (1994)). "The party seeking reformation must prove the facts supporting it by clear, cogent and convincing evidence." *Id.* (citing *Akers*, 226 P.2d 225; *Kaufmann v. Woodard*, 24 Wash.2d 264, 163 P.2d 606 (1945)).

As previously discussed, Plaintiff alleges that the Augsburgers mistakenly believed the 2006 Policy was still in effect and Navy Mutual wrongfully cancelled the 2006 Policy on John's life and upgraded coverage on Plaintiff's life, without the Augsburgers' knowledge or consent. Assuming Plaintiff can prove Navy Mutual engaged in inequitable conduct in the cancellation of the 2006 Policy and/or formation of the 2010 Policy, reformation of the contract may be an available remedy and Plaintiff may plead it here.

**C.     Negligence**

In her proposed claim of negligence, Plaintiff alleges Navy Mutual failed to properly communicate with her; failed to assist and comply with her intent to maintain all coverages and upgrade the policy; and, failed to convert the policy. Dkt. 22, Exhibit 1, ¶¶ 9.1 – 9.3. A claim for negligent claim handling exists in Washington. *First State Insurance Co. v. Kemper National Insurance Co.*, 94 Wash.App. 602, 612-13, 971 P.2d 953 (1999) (holding that plaintiff's claim

for negligence against an insurer was not subsumed within its claim for common law bad faith because "a party may fail to use ordinary care yet still not act in bad faith.")

Navy Mutual raises no objection to the inclusion of Plaintiff's proposed negligence claim in the second amended complaint.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to file a second amended complaint (Dkt. 22) is **GRANTED**;

(2) Plaintiff shall file the Second Amended Complaint (as proposed) within seven (7) days of this Order;

(3) Defendant shall file an Answer to the Second Amended Complaint within the time set forth in the Federal Rules of Civil Procedure.

(4) The deadlines contained in the Court's Revised Scheduling Order (Dkt. 27) are unchanged.

DATED this 6th day of September, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge