UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA AUGSBURGER,<br><br>                Plaintiff,<br><br>   v.<br><br>NAVY MUTUAL AID ASSOCIATION,<br><br>                Defendant. | CASE NO. 2:17-cv-1817-BAT<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On January 28, 2019, the Court denied Plaintiff Rebecca Augsburger's motion for partial summary judgment and granted the motion for summary judgment of Defendant Navy Mutual Aid Association. Dkt. 56. Presently before the Court is Plaintiff's motion for reconsideration of that Order. Dkt. 58. Having reviewed the motion, the Court **DENIES** Plaintiff's motion for reconsideration.

**DISCUSSION**

Motions for reconsideration are governed by Local Rule CR 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Plaintiff does not present any new fact or legal authority that was unavailable at the time of the summary judgment briefing. Plaintiff also makes no showing of manifest error in the Court's prior ruling.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

The Court notes that for the most part, Plaintiff's motion for reconsideration merely rehashes the same arguments made and rejected by the Court on summary judgment and her motion may be denied for this reason alone. *See Brown v. Wright*, 588 F.2d 708, 710 (9th Cir.1978). Plaintiff now asserts that "while there is evidence that Navy Mutual sent a notification after the 2010 application was submitted, Navy Mutual was not allowed to terminate coverage on John without first obtaining the Augsburgers' consent." She relies on *McGreevy v. Oregon Mut. Ins. Co.*, 74 Wash. App. 858, 867, 876 P.2d 463, 469 (1994) for the proposition that "notice and agreement must be obtained before amendments and modifications can be made by an insurer to an insurance policy." Her argument is misplaced.

In *McGreevy*, an insurer attempted to unilaterally amend an insurance policy to take advantage of changes in the law concerning stacking. *McGreevy*, 74 Wn.App. at 866–67. However, because this required a change in the contract of insurance which, in turn, required a meeting of the minds and agreement, the endorsement was not effective when the insured received it. *Id.*, 74 Wn.App. at 867 (citations omitted). *McGreevy* does not apply to the facts of this case. Navy Mutual did not attempt to unilaterally amend the Family Plan without notice to the Augsburgers. In fact, the Augsburgers were advised of several options – they could have maintained coverage on the Family Plan by continuing to pay those premiums or convert the Family Plan to the full amount of coverage for a higher premium; they were not obligated to accept the Level II 'Plus' Plan or pay those premiums; and, they could have obtained coverage on John Augsburger's life at any time after their coverage under the Family Plan terminated. There is no evidence that Navy Mutual made any unilateral amendment or modification to the Family Plan.

| | |
|---|---|
| 1 | Accordingly, Plaintiff's motion is denied because, for the most part it simply rehashes arguments already made and rejected by the Court, and otherwise fails to establish that the Court committed a manifest error of law or fact. |

Accordingly, Plaintiff's motion is denied because, for the most part it simply rehashes arguments already made and rejected by the Court, and otherwise fails to establish that the Court committed a manifest error of law or fact.

DATED this 13th day of February, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3